KING v. WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered March 1, 1909.

TELEGRAPH COMPANIES—LIABILITY FOR NON-DELIVERY BEYOND FREE DELIVERY LIMIT.—Where the free delivery limits of a telegraph office was a radius of half a mile, the telegraph company was not liable for failure to deliver a message six or eight miles in the country where only the regular fee was paid for delivery of the message, and nothing was said by the sender about paying the expense of delivery.

Appeal from Mississippi Circuit Court, Osceola District: *Frank Smith,* Judge; affirmed.

*J. T. Coston,* for appellant.

The message as delivered to the sending operator for transmission to appellant read: "Father dead. Will be buried this evening unless we hear from you." The words, "unless we hear from you," were not in the message delivered to appellant. The court held that plaintiff failed to make out her case because the message was not sent in time for her to take the train and reach Idalia that evening before her father was buried, and that she could not make out her case by showing that if the message had been promptly delivered she could and would have wired her brother that she was coming on the next train, and thereby have had the burial postponed. This was error. 112 S. W. (Ark.) 752; 90 S. W. (Tex.) 677; 60 S. W. 984; 72 S. W. 800, 801; 78 S. W. 492; 52 S. E. 112.

*George H. Fearons, Rose, Hemingway, Cantrell & Loughborough* and *Murphy, Coleman & Lewis,* for appellee.

No negligence is shown in this case, but, on the contrary, due care and diligence both in the transmission and in the effort to deliver the message. The burden was on appellant to show

negligence on the part of appellee.  The effort to prove what appellant would have done *if* the message had been promptly delivered, etc., was mere speculation, and the evidence was properly excluded.  It is clear from the evidence that appellee through its employees did all that it was possible to do to deliver the message immediately, and, in fact, did more than the law required of it. Appellee, under the proof, is not liable.  60 S. W. 687; 3 Tex. Civ. App. 310; 71 Fed. 657; Jones on Tel. & Tel. Companies, § § 583, 584; 47 Am. St. Rep. 58; 84 S. W. (Ky.) 764; 33 Tex. Civ. App. 391; 87 Tex. 38; 27 S. W. (Tex.) 144.

BATTLE, J.  This action was commenced on the third day of September, 1907, by Dora King against the Western Union Telegraph Company to recover damages on account of the failure to deliver a message sent to her announcing the death of her father in time for her to view his remains before he was buried.  At the conclusion of the evidence the court instructed the jury to return a verdict in favor of the defendant, which they did.  Was there any evidence adduced upon which the jury could have returned a verdict in favor of the plaintiff?

Plaintiff was the wife of C. R. King, and resided about four miles from Luxora, Arkansas.  Her father, J. B. Barham, who lived at Idalia, Missouri, died in the morning of the 24th of July, 1907.  Lee Barham, her brother, testified in her behalf that he in the same morning, between 9 and 10 o'clock, delivered to the defendant's agent at Idalia a message announcing the death of her father, which was directed to her at Luxora, Arkansas; that he explained to the agent the importance of the message, telling him that plaintiff resided about four miles from Luxora, out in the country, and witness wanted to know his charge for sending and delivering the telegram, and he said his charges were twenty-five cents, and he (Barham) paid that amount, and that he saw the message sent.  The undisputed evidence shows that was the regular charge for sending and delivering the message at Luxora; and that there was nothing said about extra charges for messenger services; no offer to pay anything, except the regular fee of twenty-five cents; and nothing said about guarantying expense of delivery.  The message was promptly delivered to defendant's operator at Luxora at 10:53 A. M. on the day it was sent.  The operator immediately

sent a boy to look for Mrs. King, and he returned in a short time and reported he could not locate her. The operator then went out in town and inquired for her, and found that she lived six or eight miles in the country. He then inquired about a telephone, and found that she had none. He then mailed a copy of the telegram to Mrs. King at the post office in Luxora. This was about 12 o'clock noon. The evidence shows that the delivery limit at Luxora for telegrams was embraced within a radius of half a mile from the telegraph office, that the nearest telephone to Mrs. King which connects at Luxora is a mile and a half. She was not in Luxora at the time the telegram was received at that place.

Under the foregoing facts and circumstances the defendant was guilty of no negligence in the failure to deliver the message sent to Mrs. King and is not liable for damages, and the court committed no error in instructing the jury to return a verdict in favor of the defendant. _Arkansas & Louisiana Railroad Co._ v. _Stroude,_ 82 Ark. 117; _Western Union Telegraph Co._ v. _Taylor,_ 3 Texas Civ. App. 310; _Whittemore_ v. _Western Union Telegraph Co.,_ 71 Fed. Rep. 651.

Judgment affirmed.